IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| NAJIA RAHMANI,<br>    *Plaintiff*, | )<br>)<br>) |
| v. | )   Civil Action No. 1:24-cv-706 (PTG/WBP) |
| INTERNAL REVENUE SERVICE, *et al.*<br>    *Defendants*. | )<br>)<br>) |

## ORDER

This matter comes before the Court on Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkts. 8, 9) ("Motion"). On April 29, 2024, Plaintiff Najia Rahmani, who is proceeding *pro se*, filed a Complaint "[s]uing for massive fraud, abuse of power for $500 million as well as conspiracy and 375 False Claims Act Statute." Dkt. 1 at 1 ("Compl.").[1] On July 1, 2024, Defendants filed the instant Motion. Dkts. 8, 9. On July 8, 2024, Plaintiff filed a document titled "Providing Four Pages of Evidence of Fraud" that the Court construes as a response in opposition to the Motion. Dkt. 13. On July 26, 2024, Defendants filed a reply.[2] Dkt. 19. The Court dispenses with oral argument, which would not aid in the decisional process. *See* Local Civil Rule 7(J) of the Eastern District of Virginia. Among other grounds, Defendants seek dismissal under Rule 12(b)(1) for lack of subject-matter jurisdiction. *See* Dkt. 10.

"Federal courts are not courts of general jurisdiction; they have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). Pursuant to Federal Rule of

---

[1] The Complaint does not contain original pagination on every page. As such, the Court refers to the pagination printed on the header of the Complaint.

[2] Defendants noted that they filed the reply out of time "out of an abundance of caution" due to "uncertainty as to whether Plaintiff would file any response specific to their Motion." Dkt. 19 at 1 n.1.

Civil Procedure 12(h)(3), "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

A plaintiff "bears the burden of proving that subject matter jurisdiction exists." *Piney Run Pres. Ass'n v. Comm'rs of Carroll Cnty.*, 523 F.3d 453, 459 (4th Cir. 2008). However, in the instant action, Plaintiff chose to leave several parts of the standard-form Complaint blank, including the portion provided to explain this Court's basis for jurisdiction over Plaintiff's Complaint. *See* Compl. at 4–5. This leaves the Court only with Plaintiff's bare references on the face of the instant Complaint, which include "375 False Claims Act Statute" and "conspiracy." *Id.* at 1.

Under 28 U.S.C. § 1331, "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." While there is a federal False Claims Act, it is located at 31 U.S.C. § 3729, *et seq.*, and it imposes liability on any person who presents a false claim for payment or makes a false record material to a false claim, among other conduct. *See* 31 U.S.C. § 3729(a). And while there are several federal conspiracy statutes, the Court has no way to discern which statute Plaintiff seeks to enforce. In the Complaint, Plaintiff's statement of claim refers to "the best time of my life . . . spent going back and forth to courts for my real estate assets, and fraudulent allegation[s] that I had dementia, and going to jail for no reason[.]" Compl. at 5. The Court cannot determine if the "375 False Claims Act Statute" to which Plaintiff refers on the face of her Complaint is the False Claims Act located at 31 U.S.C. § 3729, *et seq.*, or which federal conspiracy statute might apply to Plaintiff's claim, based on statements like these.

"Although a *pro se* party's complaint must be construed liberally, it must nevertheless comply with the proper pleading rules and allege some comprehensible basis for the Court's

jurisdiction." *Davison v. Facebook, Inc.*, 370 F. Supp. 3d 621, 625 (E.D. Va. 2019) (citing *Giarrantano v. Johnson*, 521 F.3d 298, 304 n.5 (4th Cir. 2008)), *aff'd*, 774 F. App'x 162 (4th Cir. 2019); *see also* Fed. R. Civ. P. 8(a) (requiring that a pleading that states a claim for relief contain "a short and plain statement of the grounds for the court's jurisdiction"). As a result of the manner in which Plaintiff styled the Complaint, as Defendants point out, "it is not clear what, if any, claims Plaintiff wishes to pursue" against the parties named in this lawsuit. Dkt. 10 at 9. Plaintiff fails to meet basic pleading standards and to provide notice of a plausible federal basis to support her claims. Therefore, the Court concludes that it cannot exercise federal-question jurisdiction over the Complaint.

Alternatively, under 28 U.S.C. § 1332, "[f]ederal courts . . . possess subject matter jurisdiction over all civil actions when the amount in controversy exceeds $75,000, exclusive of interest and costs, and the parties' citizenship is completely diverse." *Joyner v. Prince William Cnty. Cir. Ct.*, 2023 WL 2457342, at *2 (E.D. Va. Mar. 10, 2023). In order to exercise subject-matter jurisdiction over a case arising under 28 U.S.C. § 1332, "complete diversity of citizenship—meaning a plaintiff cannot be a citizen of the same state as any defendant—is necessary[.]" *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015). Plaintiff seeks well over $75,000.00 in damages, but Plaintiff is domiciled in Virginia and names at least four Defendants located in Virginia. *See* Compl. at 1–3. This alone defeats complete diversity of citizenship, and therefore defeats diversity jurisdiction.

For these reasons, Plaintiff fails show that this Court possesses subject matter jurisdiction over the Complaint. It will therefore grant Defendants' Motion (Dkts. 8, 9) and dismiss the Complaint without prejudice. Accordingly, it is hereby

3

**ORDERED** that Defendants' Motion to Dismiss or, in the Alternative, for Summary Judgment (Dkts. 8, 9) is **GRANTED**; it is further

**ORDERED** that Plaintiff's Complaint (Dkt. 1) is **DISMISSED without prejudice**; it is further

**ORDERED** that Plaintiff's "Motion to Withdraw My Civil Action [A]gainst Mer[r]ick Garland & US Attorney" (Dkt. 20) and Plaintiff's "Motion" (Dkt. 23) are **DENIED as moot.**

The Clerk is directed to close this matter and to mail a copy of this Order to Plaintiff, who is proceeding *pro se*.

This is a final order for the purposes of appeal. To appeal this decision, Plaintiff must file a written notice of appeal with the Clerk of the Court within sixty (60) days of the date of entry of this Order. A notice of appeal is a short statement indicating a desire to appeal, including the date of the order Plaintiff wants to appeal. Plaintiff need not explain the grounds for appeal until so directed by the court of appeals. Failure to file a timely notice of appeal waives Plaintiff's right to appeal this decision.

Entered this 12th day of September, 2024
Alexandria, Virginia

/s/
Patricia Tolliver Giles
United States District Judge

4